## UNITED STATES ex rel. SIRTIE v. COMMISSIONER OF IMMIGRATION AT PORT OF NEW YORK.

(District Court, E. D. New York. April 28, 1925.)

**1. Criminal law ⬛1216(1) — Indeterminate sentence to be construed as sentence for maximum term.**

Under Inferior Criminal Courts Act N. Y. § 93, providing that males between the ages of 16 and 30, convicted of crime as a first offense, may be committed to the New York City Reformatory by a sentence not limited as to duration, and that the prisoners may be discharged at any time by the board of parole, but the imprisonment shall not exceed the term of three years, such a sentence by the court is to be considered for the maximum term of three years.

**2. Aliens ⬛53—Alien boy held subject to deportation as having been twice sentenced for crime.**

The sentence of an alien boy convicted of unlawful entry, to an indefinite term in a reformatory, under Inferior Criminal Courts Act N. Y. § 93, *held*, a sentence for one year or more for a crime involving moral turpitude, which, on a second sentence to the penitentiary for two years or more for a similar offense, subjected him to deportation, under Immigration Act 1917, § 19 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj).

Habeas Corpus. Petition by the United States, on the relation of Salvatore Sirtie for writ to secure release from custody under deportation warrant. Hearing on writ and return. Writ discharged.

Mortimer H. Michaels, of Brooklyn, N. Y., for petitioner.

Ralph C. Greene, U. S. Atty., and Frank E. Phillips, Asst. U. S. Atty., both of Brooklyn, N. Y., opposed.

CAMPBELL, District Judge. This matter comes before the court on the writ of habeas corpus allowed herein and the return thereto. The relator is an alien 19 years old, male, single, errand boy by occupation, and arrived in the United States on an unknown steamer about the year 1912.

On July 7, 1922, the alien, then being over 16 years of age, on conviction by confession of the misdemeanor of unlawfully entering a building, was sentenced by Judge Johnstone, at a term of the Court of General Sessions in the County of New York, to an indeterminate sentence in New York County Reformatory of misdemeanants. On May 10, 1923, the alien was again sentenced on the charge of unlawful entry to an indeterminate sentence of not less than two nor more than four years in State Prison at Sing Sing, N. Y.

Section 19 of the Immigration Act of February 5, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj), provides, so far as is necessary for consideration in the matter at bar, as follows: "Except as hereinafter provided, any alien who is hereafter sentenced to imprisonment for a term of one year or more because of conviction in this country of a crime involving moral turpitude, committed within five years after the entry of the alien to the United States, or who is hereafter sentenced more than once to such a term of imprisonment because of conviction in this country of any crime involving moral turpitude, committed at any time after entry, * * * shall, upon the warrant of the Secretary of Labor, be taken into custody and deported."

Section 405 of the Penal Law of the State of New York (Consol. Laws, c. 40) under which the alien was permitted to plead guilty to the misdemeanor, reads as follows: "A person who, under circumstances or in a manner not amounting to a burglary, enters a building, or any part thereof, with intent to commit a felony or a larceny, or any malicious mischief, is guilty of a misdemeanor."

The sentence to Sing Sing State Prison under the second conviction was concededly for a term of more than one year, but the relator contends that the sentence to the New York City Reformatory, on his conviction for the misdemeanor, was not for a term of one year or more, and that as the second conviction was not had within five years after his admission to the United States, the Department of Labor was without power as a matter of law to issue the warrant for his removal. The relator was given a fair hearing, the facts hereinbefore set forth are fully sustained by the evidence, and the Department of Labor has found that by reason of the said two convictions the relator should be deported under the provisions of section 19 of the Immigration Act, supra, and has issued a warrant for the relator's deportation.

Relator has not contended that the misdemeanor of which he was convicted did not involve moral turpitude, nor do I think such contention, if made, would be sustained, because to enter a building with intent to commit a felony or a larceny surely involves moral turpitude, and the same is true of malicious mischief. The Immigration Act, supra, does not require the conviction on which deportation is based, as in the case at bar, to be for a felony, but simply that it be for a crime involving moral turpitude, and that the sentence imposed shall have been for one

year or more; therefore a conviction of a misdemeanor, if it involve moral turpitude, is sufficient if the alien in such conviction be sentenced to a term of imprisonment for one year or more, and the act makes no distinction between sentences to state prisons, penitentiaries, or reformatories.

[1] The sole question to be determined therefore is: Was the sentence of the relator to the New York City Reformatory for a term of one year or more? Section 93 of the Inferior Criminal Courts Act (Laws 1910, c. 659) provides as follows:

*"Commitment of Males Over Sixteen years of Age.* From and after the date of the passage of this Act, any male person between the ages of sixteen and thirty, who after conviction by any magistrate or any court of or in the city of New York of any charge, offense, misdemeanor or crime, other than a felony, as a first offense, shall in the discretion of such magistrate or court be a proper subject for reformatory treatment, may be committed to the New York City Reformatory for misdemeanants, and in order that such person may have the full benefit of the reformatory and educative influences of said institution, the magistrate or court imposing sentence shall not fix or limit the duration thereof, except that no commitment of any male child under the age of sixteen years, to any institution for children shall be construed as a first offense under the provisions of this section.

"The term of such imprisonment of any person so convicted and sentenced shall be terminated by the board of parole of said reformatory as authorized by this act; but such imprisonment shall not exceed the term of three years. * * *

"The board of parole of said reformatory shall have the power to parole and discharge any inmate of such institution and shall make rules not inconsistent with law."

A careful reading of this section convinces me that the sentence to the reformatory was for the term of three years. Nowhere in the act is the board of parole given power to sentence, but it is provided: "The term of such imprisonment of any person so convicted and sentenced shall be terminated by the board of parole of said reformatory as authorized by this act. * * *" And as the magistrate or court imposing the sentence is not allowed to fix a minimum, the only term of imprisonment which the board of parole may terminate is the statutory term of three years, and this construction is not changed by the provision: "The board of parole of said reformatory shall have the

power to parole and discharge any inmate of such institution."

The vesting of the power to parole or discharge before the expiration of the term imposed is common to the state and federal systems, and in the very few cases which I have been able to find the sentence has been held to be for the maximum term, and the boards of parole are vested with power to discharge or parole before the expiration of that time. In People ex rel. Clark v. Warden of Sing Sing Prison, 39 Misc. Rep. 113, 78 N. Y. S. 907, where the sentence was to a state prison under the New York statute of a first offender, for not less than one year nor more than five years, Judge Keogh, at page 116 (78 N. Y. S. 909), said: "The objection that the law makes the duration of the sentence uncertain is untenable because the sentence imposed under the statute must be regarded as a definite sentence for its maximum term."

The Legislature has power to fix the maximum term of imprisonment for crime, and the minimum, and to vest boards of parole with the power to release. People v. Adams, 176 N. Y. 351, 68 N. E. 636, 63 L. R. A. 406, 98 Am. St. Rep. 675. In People v. Madden, 120 App. Div. 338, at page 343, 105 N. Y. S. 554, 558, Judge Laughlin, in speaking of a sentence to Elmira Reformatory, said: "If it be competent for the Legislature to leave it to the prison board or commission to determine, according to their view of the conduct of the prisoner, whether he shall serve one year or five years under an indeterminate sentence with that minimum and maximum limitation, I fail to see why it is not equally competent for the Legislature to leave it to a prison board or the board of managers of the Elmira State Reformatory to say, according to their view of the conduct of the prisoner, whether he shall remain there one day or five years, a maximum period being prescribed by the law, and no minimum period being prescribed, which is equivalent to a minimum period of a moment."

[2] The term of the sentence is not the time which the offender serves before being paroled, because, if that were so, the offender could not be retaken and returned to the reformatory for a violation of his parole, without another trial and conviction; but, the sentence being for the maximum period of three years, the offender can be controlled in his actions by the parole board during that period, whether held in confinement or admitted to parole. I therefore find that the commitment to the Reformatory of the relator was for the term of three years, and the

relator having been twice convicted of crimes involving moral turpitude, and for each sentenced to imprisonment for one year or more, the warrant of deportation was properly issued by the Department of Labor.

The writ of habeas corpus is dismissed, and the relator, Salvatore Sirtie, is remanded to the custody of the Department of Labor for the execution of that warrant. A stay of five days will be granted in the order to be entered hereon, to enable the relator to perfect an appeal, if he shall so desire.

Settle order on notice.