**UNITED STATES ex rel. O'CONNOR v. DAY,**
**Immigration Com'r.**

District Court, S. D. New York.

April 20, 1928.

John M. Lyons, of New York City, for relator.

Leon E. Spencer, Asst. U. S. Atty., of New York City, for respondent.

THACHER, District Judge.

Habeas corpus proceedings upon the relation of Joseph O'Connor, held in custody by the respondent under a warrant of deportation signed by the Assistant to the Secretary of Labor directing the deportation of the relator upon the ground that he has been sentenced subsequent to May 1, 1917, to imprisonment for a term of one year or more because of conviction in this country of a crime involving moral turpitude, to wit, petty larceny, committed within five years after his entry.

It appears without contradiction that the relator was arrested on September 7, 1927, charged with the crime of petty larceny, pleaded guilty, and on September 23, 1927, was sentenced to the New York City Reformatory for Misdemeanants, pursuant to section 93 of the Inferior Criminal Courts Act (Laws N. Y. 1910, c. 659). In accordance with the provisions of this statute, his sentence was indeterminate; the maximum term authorized being three years. U. S. ex rel. Sirtie v. Com'r of Immigration (D. C.) 6 F.(2d) 233. The immigrant inspector found that the relator would become eligible for parole on or about April 23, 1928, and is to continue on parole for two and one-half years thereafter. There is evidence of the relator in the record to support the correctness of this finding. The warrant for the relator's deportation issued under authority of the Secretary of Labor expressly provides: "Execution of this warrant should be deferred until such time as deportation may be effected in accordance with General Order No. 96." General Order No. 96 in effect prohibits deportation until after termination and release from parole, and the execution of this warrant was plainly in violation of its own terms and of the General Order. In behalf of the respondent it is argued that the General Order is invalid. However, since he is acting only under the warrant of deportation, and that warrant is expressly made subject to the General Order, the respondent is not in a position to urge the invalidity of the General Order. He is bound by the warrant and all of its terms. It follows that the writ must be sustained, and the relator discharged, without prejudice to any future proceedings which may be taken by the officers of the government for the deportation of the relator.