### Ex parte WILSON.

District Court, S. D. California. Central Division. October 10, 1929.

No. 130.

William H. Wylie, of San Diego, Cal. (H. P. L. Beck, of San Diego, Cal., on the brief), for petitioner.

The United States Attorney and Gwyn S. Redwine, Asst. U. S. Atty., of Los Angeles, Cal.

HENNING, District Judge. This is a proceeding by habeas corpus in which the petitioner asks to be discharged from an order of deportation issued by the Secretary of Labor, directing that petitioner be deported to Great Britain, the country of his allegiance.

The warrant of deportation charges that the petitioner is in the United States in vio-

lation of the Immigration Act of February 5, 1917, § 19 (8 USCA § 155), in that:

(a) He has been convicted of a felony or other crime or misdemeanor involving moral turpitude, prior to entry into the United States, to wit, petty larceny; and that:

(b) Subsequent to May 1, 1917, he has been sentenced to imprisonment for a term of one year or more because of conviction in this country of a crime involving moral turpitude, committed within five years after entry, to wit, grand larceny.

While the warrant does not include the charge, the evidence shows that the alien at the time of his last entry entered without inspection, and that he was at that time a person likely to become a public charge.

Briefs have been submitted for the petitioner by Mr. William H. Wylie and Mr. H. P. L. Beck, attorneys of San Diego, and oral argument by Mr. Wylie. The government was represented by the United States Attorney and briefs submitted by Mr. Gwyn S. Redwine, Assistant United States Attorney and oral argument had by Mr. Redwine.

It appears that the petitioner entered the United States more than twenty years ago, and in 1908 entered a plea of guilty in some court in the state of Minnesota to the charge of petty larceny. It further appears that some time in January, 1928, petitioner departed this country for the Republic of Mexico and re-entered the United States through the port of San Ysidro, Cal., some time during the month of January, 1928. It further appears that subsequent to this last entry of the petitioner he entered a plea of guilty in the superior court of San Diego county, Cal., to the crime of grand theft, and that, after many steps of one kind and another were taken, was, on the 19th day of November, 1928, sentenced to one year in the county jail of San Diego county, Cal.

Counsel for petitioner argue, first, that conviction of the petitioner on the charge of petty larceny is not a crime involving moral turpitude, and, second, that, while the court at San Diego imposed a sentence of one year upon the petitioner on the charge of grand theft, after he had served 90 days of that sentence, he was given probation under the provisions of the statutes of California.

■ To the point that petty larceny does not involve moral turpitude, counsel for petitioner cite Ex parte Edmead (D. C.) 27 F.(2d) 438. That was a proceeding on habeas corpus on deportation precisely as is the case at bar. The District Court granted the writ and discharged the petitioner from custody. However, the government took an appeal from that ruling to the Circuit Court of Appeals, which reversed the District Court and ordered the case remanded to that court with direction to dismiss the petition and discharge the writ. Tillinghast v. Edmead, 31 F.(2d) 81, 84. In its opinion the Circuit Court of Appeals quoted from Redway v. Gray, 31 Vt. 292, 298. A portion of the quotation is as follows: "The offense of larceny does necessarily imply it [moral turpitude]; and there is no distinction between grand and petty larceny in this respect." The court cites a number of other cases in support of the doctrine. The court further holds in that case the record of conviction in the state court was conclusive evidence of a conviction of the crime therein charged and that other evidence relating to the crime committed was improperly received and considered. The Circuit Court of Appeals for the Eighth circuit quotes the same extract from Redway v. Gray, supra, approvingly in Bartos v. United States District Court, 19 F.(2d) 722.

It follows from the foregoing that the conviction of petitioner in Minnesota of the crime of petty larceny was a crime involving moral turpitude and was by him committed prior to entry.

■ The second proposition raised by petitioner's counsel that petitioner, by virtue of a subsequent probation, after being sentenced for a term of one year, does not come under the scope of the charge that he was sentenced for a period of one year subsequent to entry, it seems to me is untenable. The record of the case in the superior court of San Diego county indicates that there was much confusion both in the record and in the mind of the judge with reference to petitioner's situation, and apparently he was before the court three or four times in an effort to straighten out the matter. I am not familiar with the details of the statutes of the state under which there was this series of "off again, on again, gone again," in the proceeding. The record of the court, however, contains the following: "It is therefore ordered, adjudged, and decreed that the said John W. Wilson shall remain on probation on the former order herein made on the condition, however, that he serve one year in the county jail in the County of San Diego, in the State of California, and then to be released and report to the probation officer." It strikes me that that fully covers the requirements of the immigration law on the subject.

Counsel for petitioner lay much stress upon the case of Wong Yow v. Weedin, 33 F.(2d) 377. They argue that this reverses Bendel v. Nagle, 17 F.(2d) 719, 57 A. L. R. 1129. Both cases are by the Circuit Court of Appeals of this the Ninth circuit. I can see no conflict whatever between the two cases. Neither do I see any applicability of Wong Yow v. Weedin to the case at bar. The petitioner before me was *convicted* of the crime of petty larceny prior to his entry. Wong Yow had not been convicted of bigamy nor had he ever been charged with that offense.

The writ is dismissed, and petitioner is remanded to the custody of the proper officers of the government for deportation.