716

UNITED STATES ex rel. KIOBGE v. DAY,
Immigration Com'r.

District Court, S. D. New York.
Dec. 2, 1929.

John M. Lyons, of New York City, for relator, in support of the writ.

The United States Attorney (Ernest Lappano, of New York City, of counsel), opposed.

WOOLSEY, District Judge.

The writ in this case is dismissed and the relator remanded to the custody of the Commissioner of Immigration.

The relator entered legally ex. steamship Andania on July 27, 1925. In the summer of 1928, he went home to Germany and returned on the steamship Reliance on August 23, 1928.

He had been employed as a bank clerk in the foreign department of the Seventh National Bank.

About a month after his return from Germany, an indictment was secured against him at the complaint of the bank. He pleaded guilty in the Court of General Sessions of the County of New York, to forgery in the third degree, committed on April 18, 1928—a felony under New York law—and was given an indeterminate sentence of imprisonment in the Penitentiary of the County of New York, with this notation on the back of his commitment:

"The complainant recommends leniency. If parole authorities extend leniency the Court is in accord."

The board of parole paroled him after he had served eight months.

The relator contends that he was sentenced for imprisonment for a term of less than one year, owing to the fact that he was sent to the New York County Penitentiary on an indeterminate sentence and that in June, 1929, at the end of eight months, he was paroled for the balance of the three-year period which his sentence to the New York County Penitentiary involved under the Act of New York State Legislature of May 10, 1915, vol. 65, McKinney's Consolidated Laws, p. 11, §§ 4 and 5 (Laws 1915, c. 579, §§ 4, 5, as amended by Laws 1916, c. 287, §§ 3, 4).

I agree with the respondent that although the relator was given an indeterminate sentence, the term of the imprisonment imposed on the relator was three years, and the fact that he was discharged by the board of parole at the end of eight months does not affect the term for which he was imprisoned. Cf. United States ex rel. Sirtie v. Commissioner of Immigration at the Port of New York (D. C.) 6 F.(2d) 233, 234.

The Act of March 4, 1929, § 3, now incorporated as section 180b of title 8 of the United States Code (8 USCA § 180b), provides:

"An alien sentenced to imprisonment shall not be deported under any provision of law until after the termination of the imprisonment. For the purposes of this section the imprisonment shall be considered as terminated upon the release of the alien from confinement, whether or not he is subject to rearrest or further confinement in respect of the same offense."

Therefore the decision of Judge Thacher on April 20, 1928, in the case of United States ex rel. Joseph O'Connor v. Benjamin

M. Day (D. C.) 42 F.(2d) 715, does not apply, and the relator although his period of parole is still running is subject to deportation under the present provisions of the law, in spite of the fact that his sentence began to run before that law went into effect. Cf. General Order of the Commissioner General of Immigration No. 132, dated May 3, 1929, promulgated to effectuate the provisions of section 3 of the Act of March 4, 1929, above referred to.