## UNITED STATES ex rel. PALADINO v. COMMISSIONER OF IMMIGRATION.

### No. 403.

Circuit Court of Appeals, Second Circuit.

July 21, 1930.

Alfred S. Perlstein, of Brooklyn, N. Y., for appellant.

Charles H. Tuttle, U. S. Atty., of New York City (Ernest Lappano, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The relator, Anthony Paladino, was born in Italy, in 1898, and emigrated to this country in 1899. In 1919, he was sentenced by the Court of General Sessions in New York for the crime of grand larceny in the second degree and served a term of fourteen months and twenty days at the Elmira Reformatory. In 1929 he was again sentenced by the Court of General Sessions for the crime of robbery in the first degree to the penitentiary of the county of New York. Each sentence was "indeterminate," in that on its face it specified no definite term and simply read that the defendant should be imprisoned in the designated institution, "there to be dealt with according to law."

The relator was arrested by the Department of Labor on the ground that he was subject to deportation on account of the foregoing sentences, and, after a hearing, a warrant for his deportation was issued. He thereupon sued out a writ of habeas corpus to test the legality of this warrant, and the writ was dismissed by the District Court. He was confined on the second sentence nine months.

Section 19 of the Immigration Act of February 5, 1917 (8 USCA § 155), provides for the deportation of any alien who thereafter is sentenced more than once to imprisonment "for a term of one year or more" because of conviction in this country "of a crime involving moral turpitude." It is not doubted that each of the crimes of which Paladino was convicted involved moral turpitude, and the only question raised on this appeal is whether the second sentence to the New York County Penitentiary was "for a term of one year or more." It seems to be conceded that the imprisonment for fourteen months under the first sentence made the sentence in effect "for a term of one year or more."

In United States ex rel. Sirtie v. Commissioner (D. C.) 6 F.(2d) 233, Judge Campbell held that an indeterminate sentence to the New York City Reformatory should be regarded as a sentence for the maximum term of three years, and dismissed the writ of habeas corpus taken out to test the validity of a warrant of deportation. Judge Hazel, in United States ex rel. Morlacci v. Smith (D. C.) 8 F.(2d) 663, and Judge Woolsey, in the case of United States ex rel. Kiobge v. Day, 42 F.(2d) 716, were of the same mind. The correctness of the foregoing decisions and of the conclusion reached by Judge Coxe in the court below depends upon the proper interpretation and the intended effect of the New York legislation regarding "indeterminate" sentences, which we shall consider accordingly.

The relator insists that an indeterminate sentence to a penitentiary is not a sentence for one year or more according to the New York Law. The law under which he was sentenced is found in sections 4 and 5 of chapter 579 of the Laws of 1915, as amended by Laws of 1916, chapter 287, §§ 3, 4, the material provisions of which are as follows:

"§ 4. After the creation of a parole commission in any of the said cities as hereinbefore provided, any person convicted of any crime or offense upon conviction for which the court may sentence to a penitentiary  * *  and who is not insane or mentally or physically incapable of being substantially benefited by the correctional and reformatory purposes of any such institution shall, if sentenced to any institution under the jurisdiction of the department of correction in said city, be sentenced and committed to a penitentiary * * * under the jurisdiction of a department of correction. * * * The term of imprisonment of any person sentenced to any such penitentiary shall not be fixed or limited by the court in imposing sentence. The term of such imprisonment shall be terminated in the manner prescribed in section five of this act and not otherwise, and shall not exceed three years. * * *

"§ 5. The parole commission shall have power * * * to parole, conditionally release, discharge, retake or reimprison any inmate of any penitentiary under the jurisdiction of a department of correction in said cities, committed thereto under an indeterminate sentence, provided the judge or court who made such commitment to such penitentiary or any successor thereof shall, upon recommendation of the parole commission created in pursuance of this act, approve in writing such parole, conditional release or discharge of such inmate."

Indeterminate sentences have long been held sentences for the maximum term for which the defendant might be imprisoned. This is the construction not only placed upon sentences where a maximum and minimum period of imprisonment appears in the sentence, but also upon sentences where no term is mentioned and the statute sets the maximum. People ex rel. Haupt v. Lasch, 122 Misc. Rep. 223, 202 N. Y. S. 416; People ex rel. Clark v. Warden, 39 Misc. Rep. 113, 78 N. Y. S. 907; Ex parte Lee, 177 Cal. 690, 171 P. 958; State v. Perkins, 143 Iowa, 55, 120 N. W. 62, 21 L. R. A. (N. S.) 931, 20 Ann. Cas. 1217; Commonwealth v. Brown, 167 Mass. 144, 45 N. E. 1; Commonwealth v. Kalck, 239 Pa. 533, 87 A.

61; Woods v. State, 130 Tenn. 100, 169 S. W. 558, L. R. A. 1915F, 531; State v. Page, 60 Kan. 669, 57 P. 514; People v. Connors, 291 Ill. 614, 126 N. E. 595; Hulbert v. Fenton, 115 Neb. 818, 215 N. W. 104; In re Smith, 212 Mich. 78, 179 N. W. 346.

It is true that by the joint action of the parole commission and the trial judge the period of imprisonment may be greatly diminished and indeed almost totally abated, but so a sentence of eighteen months by a federal court to the Atlanta Penitentiary may be in effect reduced to six by placing the prisoner on parole after he has served one-third of his sentence. Likewise under the federal Probation Act the execution of a sentence may be wholly suspended even after an affirmance on appeal if the defendant has not begun to serve his term. Yet it can hardly be denied that such a sentence, if in terms for more than a year and for a crime involving moral turpitude, would afford a basis for deportation. Ex parte Wilson (D. C.) 35 F.(2d) 537. In all these cases, the defendant remains subject to the control of a supervising authority whether it be the parole commission or the federal Parole Board, or a probation officer, and if he breaks his parole he can at once be arrested and brought back to serve the remainder of his sentence.

Section 2181 of the New York Penal Law (Consol. Laws, c. 40) provides that: "Where a person is convicted of a crime, for which the punishment inflicted is imprisonment for a term less than one year, the imprisonment must be inflicted by confinement in the county jail, or place of confinement designated by law to be used as the jail of the county, except when otherwise specially prescribed by statute."

Section 2182 provides that, where the penalty for a crime is imprisonment for one year, sentence may be to a county jail, penitentiary, or state prison, but, if to a state prison, the sentence shall not be for less than one year.

Section 2183 provides that: "Where a person is convicted of a crime, for which the punishment inflicted is imprisonment for a term exceeding one year, or is sentenced to imprisonment for such a term, the imprisonment must be inflicted by confinement at hard labor in a state prison. But this and sections twenty-one hundred and eighty-one and twenty-one hundred and eighty-two shall not apply to a case where special provision is made by statute as to the punish-

ment for any particular offense or class of offenses or offenders. * * * "

It is argued that the foregoing sections show that the sentence in this case cannot be treated as one for three years, because it was to a penitentiary, and therefore could not have been for more than one year. But such reasoning disregards the important saving clauses in sections 2181 and 2183. In section 2181 is the familiar language, "except when otherwise specially prescribed by statute," and in section 2183 are the imperative words that neither sections 2181, 2182, nor 2183 "shall apply to a case where special provision is made by statute as to the punishment for any particular offense or class of offenses or offenders." Persons given indeterminate sentences pursuant to section 4 of the Parole Commission Act compose a "particular * * * class of * * * offenders" believed to be "capable of being substantially benefited by the correctional and reformatory purposes" of such a penitentiary as the one to which the relator was sentenced.

It is said, however, that section 4 of the Parole Commission Act which we have quoted enables a court to give an indeterminate sentence under which there may be a confinement for three years even for the most trivial misdemeanors, and it is argued that this shows that the whole system is correctional and not punitive or, in other words, that an indeterminate sentence of this kind is not the sort of sentence contemplated by the Immigration Act because it presupposes no confinement for a year or more but only general discipline and control.

While it cannot be doubted that the reformation of persons who had not become hardened criminals was a prime reason for the enactment of the Parole Commission Law, yet sentences in the indeterminate form there provided are punitive as well as reformatory. They enable a board having adequate information and scientific knowledge to admit a prisoner to parole *at any time,* if the trial judge concurs, and, when properly administered, are doubtless better than the old way. But because the indeterminate form of commitment affords a possibility and even a likelihood of much earlier release from imprisonment than a flat sentence for three years, it hardly seems reasonable to assume that the three-year maximum set by the statute is not to be regarded as in law the sentence. The great weight of authority holds that such is the general meaning of an indeterminate sentence, even though we may admit that the decisions regarding such a sentence, other than by the three District Courts, do not raise the precise point here involved.

The act represents the modern way of dealing with offenders rather than an abandonment of substantial sentences, and ought not, because more humane and more elastic than the old fixed sentence, to be regarded in spite of its maximum statutory term of three years, as in effect not a prison sentence at all.

The crime of robbery in the first degree, of which Paladino was convicted was punishable under section 2125 of the New York Penal Law by a term of imprisonment "not exceeding twenty years." His crime can in such circumstances hardly be regarded as other than serious and he doubtless received a no worse sentence than he got because, as the record shows, he had turned state's evidence. While the sentence imposed here on its face prescribed no specified term of confinement it carried with it, under section 4 of the Parole Commission Act, an incarceration for three years unless the parole commission determined to mitigate this punishment in the prisoner's favor and the trial judge joined in their recommendation. Such an adjudication ought not, in our opinion, to be treated as a sentence for less than the period prescribed in section 19 of the Immigration Act. We realize that this interpretation of the statute may result in the hardship of deportation to some aliens who have committed only trivial offenses when those offenses involved moral turpitude, yet the alternative is to give the New York statute a construction not sanctioned by the weight of authority, as well as to exempt many grave offenders from the penalty which Congress seems to have intended to impose. The difference between the indeterminate sentence and the old sentences for a year or two is one of method of administration rather than of length of term. We cannot regard an indeterminate sentence as one indicating little gravity and as not an equivalent of a flat sentence for one year.

While the case is not free from doubt, we are, on the whole, of the opinion that the sentence was for more than a year within the meaning of the Deportation Act, and that the writ of habeas corpus was properly dismissed.

The order is affirmed.