MATTER OF N——

In DEPORTATION Proceedings

A-8676012

*Decided by Board May 26, 1960*

Deportability—Section 241(a)(4) of 1952 act—Commitment to California Youth Authority not "sentence to confinement."

Alien convicted in California for attempted robbery (maximum punishment, 20 years' imprisonment) who was ordered "committed to the Youth Authority of the State of California for the term prescribed by law" has not been *sentenced to confinement* within meaning of section 241(a)(4) of the act. (Overrules *Matter of C——R——*, 4 I. & N. Dec. 136.)

CHARGE:

Order: Act of 1952—Section 241(a)(4) [8 U.S.C. 1251(a)(4)]—Convicted of crime committed within five years after entry and sentenced to confinement for a year or more: Attempted robbery.

BEFORE THE BOARD

**Discussion:** The case is before us by certification. The special inquiry officer ordered proceedings terminated and certified the case to this board for final decision. The examining officer and Service representative urge that the decision of the special inquiry officer be reversed. The action of the special inquiry officer will be approved.

The respondent, a 21-year-old male, a native and citizen of Mexico, last entered the United States on May 17, 1954. On February 16, 1959, he was convicted in the Superior Court, County of Los Angeles, California, for the crime of attempted robbery committed on or about October 7, 1958, in violation of sections 211 and 664 of the California Penal Code. The crime is punishable by imprisonment in a state prison for not more than 20 years. The court ordered the respondent "committed to the Youth Authority of the State of California for the term prescribed by law" and provided that the respondent be held in custody of the sheriff subject to any orders the Authority might issue. On March 6, 1959, the respondent was confined at Deuel Vocational Institution. He was released on parole on December 23, 1959. Parole will continue for about 2 years.

Deportation is sought under that portion of section 241(a)(4) of the Immigration and Nationality Act which provides for the deportation of an alien who:

is convicted of a crime involving moral turpitude committed within five years after entry and either *sentenced to confinement* or confined therefor in a prison or corrective institution, for a year or more * * * (Emphasis supplied.)

The issue, as we see it, is whether the respondent has been *sentenced* to confinement.

The Youth Authority was created "to protect society more effectively by substituting for retributive punishment methods of *training and treatment* directed toward the correction and rehabilitation of young persons found guilty of public offenses" (section 1700, California Welfare and Institutions Code; emphasis added). The purpose of the act is "training and treatment rather than punishment" and "A commitment for training and treatment" is not the same as a sentence of imprisonment (Opinion of the Attorney General, State of California, No. 50-202, January 23, 1951).

A court may sentence a youth to imprisonment in the state or county prison or, in its *discretion*, it may commit to the Youth Authority a convicted person who has not been granted probation and who was less than 21 years of age when apprehended, if his sentence was other than to death, imprisonment for life, imprisonment for 90 days or less, or the payment of a fine [1] (section 1732, California Welfare and Institutions Code).

A person committed to the Authority may be set free under supervision, ordered confined, or ordered discharged (section 1766, California Welfare and Institutions Code). Confinement may be in places of confinement, in correctional schools, or medical or educational institutions, whether public or private; and wards of the Authority may be placed in facilities for training even though they are not in confinement (sections 1725, 1753, 1760; California Welfare and Institutions Code). In 1956, the Authority used seven training schools, two reception centers, the Deuel Vocational Institution, and 20 forestry camps (*Pathways of Delinquency*, 31 Journal of the State Bar of California, pp. 18, 21).

The Deuel Vocational Institution is one for the confinement of males. It is an intermediate security type institution whose primary purpose is to provide custody, care, training, guidance and reformatory help for young men too mature to be benefited by programs of correctional schools for juveniles and too immature in crime for confinement in prisons (sections 2033-2042, Deerings Penal Code of California). The Youth Authority may also commit a youthful

---

[1] We are not dealing with a situation where prior to commitment to the Youth Authority the court sentenced the person to confinement for a year or more.

offender to a state prison (*People* v. *Scherbing*, 209 P.2d 796; sections 1753, 1755.5, California Welfare and Institutions Code); however, such confinement is not considered imprisonment *pursuant to a sentence of imprisonment* (Opinion No. 50-202, January 23, 1951, Atty. Gen., California).

If the Authority finds that a person in its custody is incapable of reformation, the Authority may return him to the committing court, and the court may commit the person to a state prison or county jail as provided by law for the punishment of the offense for which the person was convicted (section 1737.1, California Welfare and Institutions Code).

The Youth Authority may retain custody for a period longer than the period of imprisonment that may be prescribed for the offense (*In re Herrera*, 143 P.2d 345); however, a person convicted of a misdemeanor must be discharged upon the expiration of a two-year period of control or when he reaches his 23rd birthday, whichever occurs later; and a person convicted of a felony must be discharged when he reaches his 25th birthday (section 1771, California Welfare and Institutions Code) unless the committing court acting upon a petition filed by the Authority commits the offender to the state prison. If a person is so committed, the maximum term of imprisonment is the maximum term prescribed by law for the offense of which he was convicted less the period during which he was under the control of the Authority (section 1782, California Welfare and Institutions Code).

The Service position is that the respondent has been sentenced to confinement and that the period of confinement should be considered a term of not more than 20 years. The respondent denies that the commitment to the Youth Authority is a sentence to confinement. The special inquiry officer in a well-reasoned opinion held that the sentence to the Youth Authority was not a sentence to confinement since the Youth Authority did not have to confine a person committed to its custody.

From the review of the law relating to the Youth Authority it is clear that a person placed in the custody of the Youth Authority has been committed for training and treatment rather than *sentenced to imprisonment*. There is a sentence to the control of the Youth Authority but no sentence to confinement. Moreover, bearing in mind that deportation statutes must be strictly construed (*Fong Haw Tan* v. *Phelan*, 333 U.S. 6, 10), and that a person sentenced to the custody of the Youth Authority need not be confined at all, we must conclude that the respondent may not be considered as having been *sentenced* to confinement under the immigration laws. It is the disposition made by the court, not that made by some other source which must control. Although a commitment to the Youth Author

662

ity is a conviction under the immigration laws, it does not meet the necessity of the law requiring that there be a sentence to confine-ment.

The Service representative points out that the respondent here was actually confined, once while in the custody of the sheriff await-ing transfer to the Youth Authority, and then again at the Deuel Vocational Institution. The fact that the respondent was held in custody by the Youth Authority is immaterial if the custody was not under a sentence to confinement. As we have shown, a sentence to confinement was absent in this case. (The confinement in the custody of the sheriff, the agent of the Youth Authority, could, of course, have no greater effect than the custody by the Authority itself.)

United States ex rel. Paladino v. Commissioner, 43 F.2d 821 (C.A. 2, 1930), relied upon by the Service representative is not apposite. Paladino held that one sentenced under an indeterminate sentence has been sentenced to the maximum possible term. We are not con-cerned with the duration of the sentence but with whether there has been a sentence to confinement.

The Service representative believes that a federal standard should be applied to determine whether there has been a sentence to con-finement. We understand this to be a reference to the rule in Paladino relating to indeterminate sentences. However, if a federal standard is to be applied, there is a precedent which has a more direct bear-ing upon the problem before us than Paladino does. In Matter of ——, A-8583853, Int. Dec. No. 1005, we held that there had been a sentence to confinement where a person had been committed to the Attorney General of the United States for an indefinite term under the Federal Youth Corrections Act relating to the convictions persons under the age of 22 when convicted. The factors which compelled us to this conclusion in Matter of V——, supra, are present the instant case. Both youth corrections acts are based upon the del Youth Correction Authority Act drafted by the American w Institute; in fact, the federal law "also borrows from Youth thority statutes in California" (Cunningham v. United States, F.2d 467, C.A. 5, p. 471; Pathways of Delinquency, supra, p. ; in both cases a sentence to the Youth Authority is in the dis-ion of the court which could have sentenced the convicted person nprisonment instead; in both cases prisoners are treated differ-y than wards of the Youth Authority; in both cases the youthful der is considered as being treated rather than punished; in cases there are provisions to expunge the convictions; and important of all, in both cases an adult offender given a sen-of less than a year would not be deportable but a youthful ler convicted of the same crime and committed to the Youth

Authority which could hold him for at least two years would be deportable.[2]

We find there has been no sentence to commitment and will affirm the action of the special inquiry officer in terminating proceedings.

**Order:** It is ordered that no change be made in the order of the special inquiry officer.

---

[2] *Matter of C——R——*, 4 I. & N. Dec. 136, a Service decision dealing with a commitment to the California Youth Authority is overruled insofar as it is in conflict with the view stated here.