Calixte SMITH, Petitioner,

v.

**DEPARTMENT OF JUSTICE and Immigration and Naturalization Service, Respondents.**

No. 01–CV–743S.

United States District Court, W.D. New York.

Aug. 27, 2002.

---

Calixte Smith, York, PA, pro se.

Monica J. Eagan, U.S. Attorney's Office, Buffalo, NY, for respondents.

### DECISION AND ORDER

SKRETNY, District Judge.

1. On October 22, 2001, Petitioner commenced this action seeking federal habeas relief under 28 U.S.C. § 2241.

2. On April 16, 2002, this Court referred this matter to the Honorable H. Kenneth Schroeder, Jr., United States Magistrate Judge, for all proceedings necessary for a determination of the factual and legal issues presented, and to prepare and submit a Report and Recommendation containing findings of fact, conclusions of law and a recommended disposition of the case pursuant to 28 U.S.C. § 636(b)(1)(B).

3. In a Report and Recommendation filed on June 4, 2002, Judge Schroeder recommended that Respondent's Motion to Dismiss the Petition be granted and that

Petitioner's Petition for a Writ of Habeas Corpus be dismissed.

4. No objections to Judge Schroeder's Report and Recommendation were received from either party within ten (10) days from the date of its service, in accordance with 28 U.S.C. § 636(b)(1)(C) and Local Rule 72.3(a)(3).

5. This Court has carefully reviewed Judge Schroeder's June 4, 2002 Report and Recommendation, as well as the pleadings and materials submitted by the parties.

IT HEREBY IS ORDERED that this Court accepts Judge Schroeder's June 4, 2002 Report and Recommendation (Docket No. 10) in its entirety, including the authorities cited and the reasons given therein.

FURTHER, that Respondent's Motion to Dismiss (Docket No. 4) is GRANTED.

FURTHER, that Petitioner's petition seeking federal habeas relief (Docket No. 1) is DISMISSED with prejudice, there not having been a substantial showing of the denial of a constitutional right.

FURTHER, that a certificate of appealability will not issue.

FURTHER, that the Clerk of the Court is directed to take the necessary steps to close this case.

SO ORDERED.

### *REPORT, RECOMMENDATION AND ORDER*

SCHROEDER, United States Magistrate Judge.

This petition for *habeas corpus* relief has been referred to the undersigned by Hon. William M. Skretny pursuant to 28 U.S.C. § 636(b)(1)(B), for all proceedings necessary to a determination of the factual and legal issues presented. Dkt. # 8.

The petitioner, Calixte Smith, also known as Jean Smith Calixte, filed a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 on October 22, 2001, alleging denial of his right to a waiver pursuant to section 212(c) of the Immigration and Nationality Act ("INA"). Dkt. # 1. Respondents filed a motion to dismiss the petition alleging he is ineligible for a section 212(c) waiver because of his conviction as an aggravated felon. Dkt. # 4. Petitioner subsequently filed a request for release subject to INS supervision pursuant to 8 U.S.C. § 1231. Dkt. # 9. For the reasons hereinafter set forth, it is recommended that the respondents' motion to dismiss the petition for a writ of *habeas corpus* (Dkt # 4), be granted, the petition for a writ of *habeas corpus* (Dkt.# 1), be dismissed, and the request for release from detention subject to INS supervision (Dkt.# 9), be denied.

### *BACKGROUND*

Petitioner Jean Smith Calixte, a native of Haiti, was admitted into the United States on August 14, 1990, as a lawful permanent resident. Dkt. # 6 at p. 23.[1] He is married and has four children. *Id.* at p. 17. On January 21, 1997, petitioner was sentenced in the New York Supreme Court, Kings County, to a term of imprisonment of two to six years following his guilty plea to rape in the first degree. *Id.* at pp. 23–25, 62. The Immigration and Naturalization Service ("INS"), commenced a removal proceeding on January 14, 1998. *Id.* at p. 73.

Petitioner was afforded a hearing before an Immigration Judge (IJ) on June 4, 1998, wherein he admitted his rape convic-

---

1. Page references are to the Certified Administrative Record attached as Exhibit A to Respondents' Affidavit in Support of its Motion to Dismiss Petitioner's Application for a Writ of *Habeas Corpus*. Dkt. # 6.

tion, which the IJ determined to be an aggravated felony. *Id.* at p. 50. Although petitioner attempted to argue that he should be granted relief through an asylum claim, for fear of persecution in Haiti as a result of his prior political activities, the IJ concluded that he was not eligible for asylum because of his aggravated felony conviction. *Id.* at pp. 7, 25, 52, 68. The IJ found the petitioner removable, denied his request for relief, and ordered him deported to the United Kingdom or to Haiti. *Id.* at pp. 21, 25.

The petitioner's appeal from the IJ's decision was denied on November 12, 1998. *Id.* at p. 2. He filed the present *habeas corpus* petition on October 22, 2001 wherein he argues that he was denied the right to seek relief under INA 212(c). Dkt. # 1.

The respondents filed a motion to dismiss the petition on December 19, 2001, arguing that petitioner is not eligible for INA § 212(c) relief because he plead guilty after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214 (1996). Dkt. # 5. Respondents also argue that petitioner is not eligible for asylum or withholding of removal because of his aggravated felony conviction. *Id.* Petitioner has neither filed a response to the motion nor requested an extension of time to file such a response.

## DISCUSSION

### Motion to Dismiss

 When ruling on a motion to dismiss by a respondent, the court accepts the material facts alleged in the petition as true and draws all reasonable inferences in favor of the petitioner and against the respondent. *See Chance v. Armstrong,* 143 F.3d 698, 701 (2d Cir.1998); *Cohen v. Koenig,* 25 F.3d 1168, 1171–72 (2d Cir. 1994). Since *"[p]ro se"* [petitioners] are often "unfamiliar with the formalities of pleading requirements," courts must "ap-

ply a more flexible standard in determining the sufficiency of a *pro se* [petition] than they would in reviewing a pleading submitted by counsel." *Platsky v. Central Intelligence Agency,* 953 F.2d 26, 28 (2d Cir.1991). Applying this standard, for the reasons discussed below, the Court finds that the petition for a writ of *habeas corpus* should be dismissed since it fails to state a claim upon which relief can be granted.

### Subject Matter Jurisdiction

Although AEDPA and the Illegal Immigration Reform and Immigration Responsibility Act ("IIRIRA"), Pub.L. No. 104–208, 100 Stat. 3009 (1996), limit the scope of jurisdiction that district courts have in matters of immigration, the Supreme Court of the United States has held that district courts retain jurisdiction over petitions for *habeas corpus* relief pursuant to 28 U.S.C. § 2241. *Calcano–Martinez v. Immigration and Naturalization Service,* 533 U.S. 348, 121 S.Ct. 2268, 150 L.Ed.2d 392 (2001); *Immigration and Naturalization Service v. St. Cyr,* 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347, (2001). Therefore, this Court has subject matter jurisdiction in this action.

### Relief from Removal

 Under former INA § 212(c), 8 U.S.C. § 1182(c), an alien who was subject to deportation because of a prior conviction was permitted to apply to the Attorney General for a discretionary waiver of deportability. *Calcano Martinez v. Immigration and Naturalization Service,* 232 F.3d 328, 331 (2d Cir.2000), *aff'd* 533 U.S. 348, 121 S.Ct. 2268, 150 L.Ed.2d 392 (2001). Relief under INA § 212(c) terminated deportation proceedings, permitting the alien to remain in the United States as a permanent resident. *St. Cyr,* 533 U.S. at 295, 121 S.Ct. 2271.

As part of the Immigration Act of 1990, "Congress amended § 212(c) to preclude

from discretionary relief anyone convicted of an aggravated felony who had served a term of imprisonment of at least five years." *St. Cyr*, 533 U.S. at 297, 121 S.Ct. 2271. In 1996, Congress further limited the Attorney General's discretion by enacting AEDPA, which *inter alia,* "expanded the category of criminal convictions that would render an alien ineligible to apply for § 212(c) relief." *St. Cyr v. Immigration and Naturalization Service*, 229 F.3d 406, 409 (2d Cir.2000), *aff'd* 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347, (2001). Specifically, AEDPA § 440(d), which became effective on April 24, 1996, rendered all aggravated felons, regardless of their term of imprisonment, ineligible for discretionary relief under INA § 212(c).

Shortly thereafter, Congress enacted IIRIRA, which, *inter alia,* repealed INA § 212(c) and replaced it with a new section authorizing the Attorney General to cancel removal for a narrow class of otherwise deportable aliens. *St. Cyr*, 533 U.S. at 297, 121 S.Ct. 2271. Entitled "Cancellation of removal for certain permanent residents," this new section provides that the Attorney General may cancel removal in the case of an alien who is deportable from the United States if the alien: (1) has been an alien lawfully admitted for permanent residence for not less than 5 years; (2) has resided in the United States continuously for 7 years after having been admitted in any status; and (3) has not been convicted of any aggravated felony. IIRIRA § 304(a), *codified* at 8 U.S.C. § 1229b(a) as INA § 240A. IIRIRA § 304(a) became effective on April 1, 1997. *See* IIRIRA § 309, Pub.L. No. 104–208, § 309, 110 Stat. 3009–625.

■ In sum, AEDPA § 440(d) and IIRIRA § 304(a) "significantly limit the cases where discretionary relief from removal can be sought ... effectively preclud[ing] an alien, who is removable from the United States because of a conviction of a crime that qualifies as an 'aggravated felony' under the law, from applying for discretionary relief from removal." *St. Cyr*, 229 F.3d at 408.

■ Notwithstanding these substantial modifications to the INA, the Supreme Court has held that section 212(c) relief remains available for aliens "whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect." *St. Cyr*, 533 U.S. at 326, 121 S.Ct. 2271. To hold otherwise "would upset reasonable, settled expectations and change the legal effect of prior conduct." *St. Cyr*, 229 F.3d at 421. Thus, while "AEDPA § 440(d) still applies to all aliens with convictions pre-dating its enactment and to all guilty pleas entered after its effective date," and "cancellation of removal still applies to all aliens with convictions pre-dating IIRIRA and to all guilty pleas entered by aliens to deportable crimes after it took effect," neither provision applies "to pre-enactment guilty pleas or pleas of *nolo contendere.*" *Id.*

■ Petitioner plead guilty to first degree rape on January 21, 1997, **after** the April 24, 1996 effective date of AEDPA § 440(d), but **before** the April 1, 1997 effective date of IIRIRA § 304(a). Since INA § 212(c), as modified by AEDPA § 440(d), was in effect at the time of petitioner's plea, it is applicable to petitioner. *See Domond v. United States I.N.S.*, 244 F.3d 81 (2d Cir.2001) (AEDPA § 440(d) applicable to petitioner who plead guilty after AEDPA's enactment). Because rape is explicitly defined as an aggravated felony by INA § 101(a)(43)(A), 8 U.S.C. § 1101(a)(43)(A),[2] petitioner was ineligible

---

**2.** Rape was added to the enumerated list of aggravated felonies by § 321(a)(1) of the IIRI-

RA, which became effective on September 30,

to apply for discretionary relief under the law in effect at the time of his guilty plea, to wit, INA § 212(c), as modified by AED-PA § 440(d).

## Asylum

■ In the hearing before the IJ, petitioner gave testimony analogous to a request for asylum. However, asylum is unavailable to an alien who has "been convicted by a final judgment of a particularly serious crime." INA § 208(b)(2)(A)(ii), 8 U.S.C. § 1158(b)(2)(A)(ii). "[A]n alien who has been convicted of an aggravated felony shall be considered to have been convicted of a particularly serious crime." INA § 208(b)(2)(B)(i), 8 U.S.C. § 1158(b)(2)(B)(i). Accordingly, because of his guilty plea to rape, an aggravated felony, petitioner is ineligible for asylum for the same reason that he is ineligible for discretionary relief from removal.

## Withholding of Removal

"An asylum application shall be deemed to constitute at the same time an application for withholding of removal. . . ." 8 C.F.R. § 208.3(b); *Immigration and Naturalization Service v. Abudu,* 485 U.S. 94, 99 n. 3, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). As mandated by INA § 241(b)(3)(A), "the Attorney General may not remove an alien to a country if the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). This provision does not apply, however, to an alien "convicted by a final judgment of a particularly serious crime." INA § 241(b)(3)(B)(ii), 8 U.S.C. § 1231(b)(3)(B)(ii). An alien is

deemed to have committed a "particularly serious crime" for the purposes of this provision if the alien "has been convicted of an aggravated felony . . . for which the alien has been sentenced to an aggregate term of imprisonment of at least 5 years." INA § 241(b)(3)(B), 8 U.S.C. § 1231(b)(3)(B).

■ Following his guilty plea to first degree rape, petitioner was sentenced to an indeterminate term of two to six years imprisonment. "[I]ndeterminate sentences have long been held sentences for the maximum term for which the defendant might be imprisoned." *United States v. Galicia–Delgado,* 130 F.3d 518, 520–21 (2d Cir.1997), *quoting United States ex. rel. Paladino v. Commissioner of Immigration,* 43 F.2d 821, 822 (2d Cir.1930). Since petitioner was sentenced to a maximum term of six years imprisonment for an offense delineated as an aggravated felony pursuant to INA § 101(a)(43)(A), 8 U.S.C. § 1101(a)(43)(A), petitioner has committed a particularly serious crime as defined by INA § 241(b)(3)(B)(ii), 8 U.S.C. § 1231(b)(3)(B)(ii). Therefore, regardless of the legitimacy of his claim of persecution upon return to Haiti, petitioner is not eligible for withholding of removal.

## Release from detention

■ Federal courts have inherent authority to permit INS detainees to be released with conditions. *Mapp v. Reno,* 241 F.3d 221, 223 (2d Cir.2001). However, release on conditions by the INS is discretionary and should be exercised "only in unusual cases, or when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the *habeas* remedy effective." *Mapp,* 241

1996, the date of enactment of the IIRIRA. *See* IIRIRA § 321(c), Pub.L. No. 104–208, § 321(c), 110 Stat. 3009–627; *cf.* IIRIRA § 309, Pub.L. No. 104–208, § 309, 110 Stat.

3009–625 (IIRIRA § 304(a) "shall take effect on the first day of the first month beginning more than 180 days after the enactment" of IIRIRA).

F.3d at 223. The petitioner must demonstrate that the petition has substantial merit and that extraordinary circumstances exist. *Id.; see also Gomez v. Commissioner of the INS*, 2001 WL 637382 (S.D.N.Y. June 7, 2001); *Cinquemani v. Ashcroft*, 2001 WL 939664 (E.D.N.Y. Aug.16, 2001). In light of my determination that the petition lacks merit, petitioner's request for supervised release from detention is denied.

 Petitioner may not request release pursuant to INA § 241(a) from this court in the first instance. INA § 241(a) provides that if the Attorney General is unable to remove an alien who has been ordered to be removed within 90 days of the date the order of removal becomes administratively final, the alien may apply to the district director of the INS for supervised release from detention. 8 U.S.C. § 1231(a); 8 C.F.R. § 236.1(d). If the "alien demonstrates by clear and convincing evidence that the release would not pose a danger to the community or a significant flight risk," the district director may release the alien from detention subject to INS supervision. 8 C.F.R. § 241.4(a). If the district director decides not to release an alien, the alien may appeal to the BIA within 10 days of the district director's decision. 8 C.F.R. § 236.1(d)(3)(ii). Until petitioner has availed himself of this administrative procedure, and has appealed any adverse determination to the BIA within 10 days of receiving such determination, he has not exhausted his administrative remedies, and therefore cannot seek habeas review of his continued detention pending removal. *See Gomez*, 2001 WL 637382, at *3; *Zambra v. McElroy*, 1999 WL 163565, at *2 (S.D.N.Y. Mar.24, 1999) (collecting cases); *Oliva v. Immigration and Naturalization Service*, 1999 WL 61818, at *4 (S.D.N.Y. Feb.10, 1999).

## CONCLUSION

For the foregoing reasons, it is recommended that respondent's motion to dismiss the petition for a writ of *habeas corpus* (Dkt.# 5), be GRANTED and the petition (Dkt.# 1), dismissed. It is further recommended that the request for release from detention subject to INS supervision (Dkt.# 9), be dismissed and that certification pursuant to 28 U.S.C. § 1915(a)(3) be entered stating that any appeal from this Judgment would not be taken in good faith and therefore leave to appeal as a poor person should be denied. *Coppedge v. United States*, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not presented to the magistrate judge in the first instance. *See, e.g., Paterson–Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir.1988).

*Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir.1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." *Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.*

The Clerk is hereby directed to send a copy of this Report, Recommendation and Order to the Petitioner and to the attorney for the Respondents.