Beck, C. J.
Plaintiff in error was indicted for cattle stealing, jointly with Enos C. Good and George Good, by the *582 grand jury of Jefferson county, at the November term, 1881, of the District Court of said county.
Upon his own motion, plaintiff in error was awarded a separate trial, which resulted in a verdict of guilty, upon which he was sentenced to a term of penal servitude in the State penitentiary of nine years.
Eight errors are assigned as having occurred upon the trial, the first of which seems to be well taken.
It is as follows: “The Court erred in sustaining the challenge to F. C. Kleinman, who was called as a juror in the trial of said cause.”
The juror challenged, appears to have been on the regular panel, and to have served as a juror in a previous trial, but whether upon the trial of either of the co-defendants of plaintiff in error, does not appear from this record.
Upon his voir dire the juror answered that he had served upon “the other jury,” and heard all the testimony, but had no opinion in this case. That he applied what he heard to the the case on trial, and would have to hear some evidence before he could give an opinion in this case.
Upon these answers the district attorney challenged him for cause, and the challenge was sustained by the Court, to which ruling the prisoner excepted.
In support of the ruling, it is argued, that the record shows the juror had served upon the preceding trial of Enos C. Good, who was jointly indicted with plaintiff in error, and for this reason he could not have been free from bias, or have been a suitable juror.
We fail to find anything in the answers of Kleinman, which show him to be disqualified to try the accused. As before stated, it does not appear from the record that the jury upon which he had previously served, was empaneled in the trial of Enos C. Good, the co-defendant of plaintiff in error, nor is there anything in the record before us to show whether said Good was convicted or acquitted.
It appears that the regular panel of jurors was exhausted before the jury was complete, and that four talesmen were summoned and sworn upon the jury. This brings the case within the rule announced in Stratton v. The People, 5 Colo., 276. It was there held that while the Court may, upon *583 its own motion, or upon the application of a juror, exercise its discretion in the matters of excuse or exemption, and if a juror be excused for an insufficient cause, it is not ground of reversal, yet the rule cannot be extended to a challenge for cause and judgment thereon.
F. A. Naylor, for plaintiff in error.
D. F. Urmy, Attorney General, for defendant in error.
Every person charged with a felonious crime is entitled to a list of the jurors comprising the regular panel previous to his arraignment. The advantages to the prisoner of this right, are pointed out in the case cited, and the conclusion arrived at, that the prisoner has the right to object to the depletion of the regular panel on insufficient grounds.
This is the only error we observe in the record, but it is so palpable that the judgment must be reversed and the cause remanded for a new trial.

Judgment reversed.