## No. 14,599.

### Miller *v.* The People.
(94 P. [2d] 125)

Mr. John G. Banks, for plaintiff in error.

Mr. Byron G. Rogers, Attorney General, Mr. A. L. Betke, Assistant, for the people.

*En Banc.*

Mr. Chief Justice Hilliard delivered the opinion of the court.

An information was filed charging plaintiff in error with the criminal offense of being an accessory after the fact. He pleaded guilty and was sentenced to a term in the penitentiary. Error is assigned on the theory that punishment by confinement other than in the jail of the proper county, may not legally be imposed, the basis of the contention being that since the statute fails to designate the offense as a felony, and is silent as to the place of incarceration, there was not warrant for the sentence pronounced. That view apparently is in accord with our previous holdings, and the attorney general concedes the point.

The offense is wholly statutory. *Howard v. People,* 97 Colo. 550, 51 P. (2d) 594. The pertinent act reads: "An accessory after the fact is a person who, after a full knowledge that a crime has been committed, conceals it from the magistrate, or harbors and protects the person charged with or found guilty of the crime. Any person found guilty of being an accessory * * * after the fact shall be imprisoned for any term not exceeding two years, and fined in a sum not exceeding five hundred dollars, in the discretion of the court, to be regulated by the circumstances of the case and the enormity of the crime; * * *." '35 C. S. A., c. 48, § 14. Considering a similar statute involved in a like situation, we have said, "the court was only authorized to sentence the defendants to confinement in the county jail." *Brooks v. People,* 14 Colo. 413, 24 Pac. 553. See *Roberts v. People,* 103 Colo. 250, 264, 87

P. (2d) 251, where we said the crime charged is a misdemeanor.

Let the judgment as to the sentence imposed be reversed, the trial court to proceed further as advised.