No. 17,802.

Ed Bustamante *v.* People of the State of Colorado.
(297 P. [2d] 538)

Decided May 21, 1956.

Mr. Frank H. Hall, Mr. Carmel A. Garlutzo, for plaintiff in error.

Mr. Duke W. Dunbar, Attorney General, Mr. Frank E. Hickey, Deputy, Mr. Norman H. Comstock, Assistant, for the People.

*En Banc.*

Mr. Justice Bradfield delivered the opinion of the Court.

Plaintiff in error to whom we refer as defendant was county clerk and recorder of Las Animas County, and was indicted upon a charge of converting to his own use public funds received by him in his official capacity. Trial to a jury resulted in his conviction and sentence to the state penitentiary for not less than five nor more than seven years. Motion for a new trial was overruled and defendant is here on a writ of error seeking reversal.

The statute upon which the indictment was based, C.R.S. 1953, 40-19-3, reads as follows:

"If any officer appointed or elected * * * as an officer *,* * * of a * * * county * * * of this state, shall convert to his own use in any way whatever, or shall use, by way of investment in any kind of property or merchandise, or shall make way with or secrete any portion of the public funds or moneys, or any valuable securities by him received * * * shall, upon conviction, be punished by imprisonment not less than five years."

The charging part of the indictment is that the defendant, being the

* * * duly elected, qualified and acting County Clerk and Recorder * * * did, between the dates of May 24, 1953, and October 19, 1954, wilfully, unlawfully, corruptly and feloniously use, make way with, secrete and convert to his own use * * * a portion of the public funds or moneys of said Las Animas County, Colorado, then and there being in the possession of defendant.

The defendant argues eight grounds upon which he claims the judgment should be reversed. We deem it necessary to consider only three of the assignments, the second, fifth and eighth, which embrace the following points:

Second: That the jury was not selected according to law.

Fifth: That after the defendant had rested, the court

erred in permitting the People to recall defendant for further cross examination and admitting People's Exhibit 25.

Eighth: That the sentence imposed by the court is unlawful.

We consider them in order.

The Second: Concerning the selection of the jury we consider only one of the jurors involved. On the trial, a prospective juror, Abel Duran, answered his voir dire examination satisfactorily. Then was challenged as follows:

"Q. Do you know Gilbert Maes? A. Yes. Q. Are you related to him in any way? A. Well, not to him, to his brother. Q. To Gilbert Maes' brother? A. His brother married my wife's sister. Mr. ADAMS: Your Honor, at this time I would like to challenge Mr. Duran for cause, on the basis of his relationship to one person who is financially interested in this particular case. THE COURT: (Addressing opposing counsel) I suppose you would resist that? MR. HALL: Yes, I surely would. THE COURT: In the absence of the jury, Mr. District Attorney, I will hear you? MR. ADAMS: Your Honor, I think if Mr. Maes were called as a witness, it can be proven that he loaned a certain sum of money to the defendant to repay a part of the shortage that is involved. THE COURT: There is something else that occurred to the Court: I am not quite sure, but it seems to me it was indicated that this prospective juror's employer is a bondsman of the defendant in this case, is that right? MR. ADAMS: Yes, sir, Mr. Hignio Cordova and John Veltri were bondsmen in this case. THE COURT: What do you say, Mr. Hall? Mr. Hall: Your Honor, I naturally oppose this very much. * * * The fact a juror is related to a witness by blood or marriage, is no ground for removing him. * * * Or the fact that this man is working for another man who signed Mr. Bustamante's bond for appearance here, is certainly no ground to remove him. * * * We do not have any evidence here

that Mr. Maes has a financial interest in this case. All Mr. Cordova did was to sign the bond for the defendant's appearance. Does that disqualify all of his employees from sitting as jurors? * * * THE COURT: Ordinarily, it wouldn't. But this case, gentlemen, as we all recognize, is different from the ordinary mill-run of cases that come up. This is a public matter, this is a public official. * * * MR. GARLUTZO: It shouldn't be prejudicial to the defendant because the District Attorney has exhausted all of his challenges. The challenge doesn't have any merit. * * * MR. ADAMS: Well, I have been informed that when this shortage was discovered, a part of the money was repaid, delivered to the defendant by Mr. Gilbert Maes. * * * That is the reason I say that Mr. Maes probably has a financial interest in the case."

It will be noted the juror on his voir dire testified he was not related to Mr. Maes; that Mr. Maes' brother had married the juror's wife's sister. The People's challenge for cause was based on this relationship. The juror was not asked on voir dire whether he had borrowed any money from Mr. Maes, nor was he asked if his employer, Mr. Cordova, was a bondsman for defendant. Neither Mr. Maes nor Mr. Hignio Cordova was called as a witness. Whether the case was an ordinary "mill-run of cases" or not; in all cases the excusing of jurors for cause is governed by statute, C.R.S. 1953, 78-1-1 to 9. Juror Able Duran's voir dire examination disclosed no ground of challenge for cause. The People might have excused him peremptorily. But being excused for cause for the reasons stated by the court when the People's statutory number of peremptory challenges had been exhausted, was in effect an additional peremptory challenge and was an abuse of discretion that affected or could have affected the substantial rights of the defendant. The excusing of Juror Able Duran for cause under the circumstances here was error. *Mooney v. The People,* 7 Colo. 218, 220; *Brown v. The People,* 132 Colo. 561, 291 P. (2d) 680. The latter case, while not directly in point,

contains a discussion of the consequences that may flow from irregularities in the selection of a jury in a criminal case.

■ The Fifth: After the defendant had rested his case, the People were permitted over defendant's objection to re-open the case and call defendant for further cross-examination. During the trial People's witness, Manuel Zuniga, testified that People's Exhibit 25, a "Report on a Special Audit," had been prepared by one Stoffel, the county auditor, who was not called as a witness to identify the exhibit, or at all. Defendant's objection to the admission of the exhibit was then sustained. Thereafter defendant rested his case and after a short recess, and over defendant's objection, the People were permitted to recall "the defendant for further cross-examination," People's Exhibit 25, which had been previously offered and refused, was again offered. The defendant then testified:

"MR. ADAMS: I hand you People's Exhibit No. 25, what is that, Mr. Bustamante? "A. Report on Special Audit Cash Receipts and Deposits Office of County Clerk and Recorder * * * January 1, 1954 to October 19, 1954. "Q. And did you receive that audit? "A. Yes, sir."

Over defendant's objection, and without proof of its accuracy or an admission by defendant that it was correct, People's Exhibit 25 was admitted in evidence. The Exhibit 25 was not "further cross-examination" but was evidence in chief; moreover it was not properly identified by the person who made it, and as introduced became a self-serving document without opportunity of defendant to cross-examine the person who made it. The admission of Exhibit 25 under the circumstances was error.

■ The Eighth: The sentence imposed of imprisonment in the state penitentiary is admittedly error. The offense charged is statutory, C.R.S. 1953, 40-19-3, and provides "shall upon conviction be punished by imprisonment not less than five years." Imprisonment in the

502

penitentiary is unlawful unless expressly provided by statute. Under a similar statute this Court has so held. *Brooks v. The People,* 14 Colo. 413, 24 Pac. 553. Where a penitentiary sentence is imposed when the statute prescribed imprisonment, this Court may reverse the sentence only. *Miller v. The People,* 104 Colo. 622, 94 P. (2d) 125.

For the reasons above mentioned, the judgment is reversed and a new trial ordered.