252

No. 18,223.

WILLIAM HAROLD LATHAM *v.* PEOPLE OF THE
STATE OF COLORADO.
(317 P. [2d] 894)

Decided September 30, 1957. Rehearing denied November 18, 1957.

Mr. H. R. HARWARD, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK
E. HICKEY, Deputy, Mr. JOHN W. PATTERSON, Assistant,
for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the
Court.

WE will refer herein to plaintiff in error as defendant.

In the month of October 1951, defendant was informed against by the district attorney of Ouray county and charged with grand larceny as the present count of the information. Originally, the information contained four other counts, namely:

2. A conviction on a charge of burglary in the district court of Lake county, Colorado, in September 1940, and was sentenced to the state penitentiary.

3. A conviction in May of 1942 on a charge of grand larceny in the *county court* of Delta county and sentenced to the state penitentiary.

4. Conviction in July of 1943 in the district court of Delta county for violation of the burglary statutes and sentenced to the state penitentiary.

5. Defendant was also convicted of burglary in the state of New Mexico in March 1949, and sentenced to the New Mexico state penitentiary.

When arraigned, defendant pled guilty to the instant charge and to the third and fourth counts of the information. Counts two and five of the information had been dismissed on motion of the district attorney.

At the time of the conviction in 1942 in the county court of Delta county, defendant was seventeen years of age; and when convicted in the district court of Delta county in 1943, he was eighteen years of age.

On the plea of guilty to the instant charge of grand larceny and to the conviction in the county court of Delta county and the district court of Delta county for burglary, defendant was sentenced to a term of not less than twenty nor more than twenty-five years in the state penitentiary, where he is now confined.

In October of 1954, defendant moved the district court of Delta county to vacate and correct the judgment and sentence. This motion was denied by the court, holding that it was without jurisdiction to set the sentence aside. Two years later, in October 1956, defendant, through present counsel, filed a motion for resentence, and upon hearing in January 1957, this motion was also denied.

From the order denying the latter motion, review is sought by defendant.

The sentence finally imposed on defendant is under C.R.S. '53, 39-13-1, which is as follows:

"Every person convicted in this state of any felony who shall have been previously twice convicted upon charges separately brought and tried, either in this state or elsewhere, of a felony or of an assault to commit a felony, or of a conspiracy to commit a felony, or under the laws of any other state, government or country of a crime, which if committed within this state, would be such a felony, shall be adjudged an habitual criminal and shall be punished by confinement in the state penitentiary for a term of not less than the longest term, or more than three times the longest term prescribed upon a first conviction."

To be subject to the penalty prescribed in the above statute, it is necessary that before defendant could be adjudged an habitual criminal, he must have had two prior convictions of a felony. Counts two and five of the information having been dismissed, defendant on his plea of guilty to counts three and four, was accordingly sentenced as an habitual criminal. To sustain the judgment and sentence it is necessary that the two remaining counts on which the plea was entered must be for convictions of a felony. One of these counts, as is to be seen, was a conviction of grand larceny in the county court of Delta county.

Article VI, section 23, of the Colorado State Constitution, in addition to establishing all matters in which the county court shall have original jurisdiction provides that the county court shall have " * * * such other civil and criminal jurisdiction as may be conferred by law." One of the statutes granting jurisdiction to the county court in criminal matters is C.R.S. '53, 37-8-1, which is as follows:

"Original jurisdiction is hereby conferred upon county courts in each of the several counties of this state in all

criminal cases *where at the time of the filing of the information the accused shall be a minor;* and such courts shall be empowered to try such cases upon information filed by the district attorney of the judicial district in which such counties are situated." (Emphasis supplied.)

Although by the above quoted statute concurrent jurisdiction in criminal matters involving minors is given to the county court along with the district court, the county court is bound by the statutes in the sentencing of minors. In May of 1942, when the county court of Delta county was pronouncing sentence on the defendant, he was 17 years of age. C.R.S. '53, 39-10-1, relating to reformatory and penitentiary sentences, provides for the mandatory sentencing to the reformatory of minors who have reached the full age of 16 as follows:

"Courts having criminal jurisdiction in Colorado shall sentence to the state reformatory all male persons, and none other, duly convicted before them of felony for the first time, who at the time of sentence shall be of the full age of sixteen years and not more than twenty-one years; * * * provided, that they shall sentence to the state penitentiary at Canon City any male persons between the ages of sixteen and thirty who shall be convicted of crimes involving the penalty of imprisonment for life, or the crime of murder in the first or second degrees or voluntary manslaughter."

In harmonizing the instant case with the clear and unambiguous holding of this court in *Smalley v. People,* 134 Colo. 360, 304 P. (2d) 902, and *Barrett v. People,* 136 Colo. 144, 315 P. (2d) 192, it is now apparent that so long as a defendant is under the age of 21 years, sentence to the state reformatory is mandatory, whether it be the first or any subsequent offense. To hold otherwise would require us to overrule *Barrett v. People,* supra, which we refuse to do.

The county court having sentenced the defendant to the state penitentiary contrary to the statute, the sentence is erroneous and void. It follows that the sentence

of the district court in July 1943, in Delta county when the defendant was only 18 years of age, is also erroneous and void.

The judgment and sentence of the trial court is reversed and the cause remanded with directions to grant defendant's motion for resentence, filed on October 10, 1956, and heard on January 9, 1957, being the order forming the basis of this writ of error.

MR. JUSTICE KNAUSS specially concurring in the result.

I concur in the result solely on the ground that the so-called conviction in the *county* court of Delta County mentioned in count three of the information was void for lack of jurisdiction of that court to try defendant for the offense charged against him.