**Josef PETSCHE, Appellant,**

v.

**John T. CLINGAN, District Director, United States Immigration and Naturalization Service, Appellee.**

No. 6183.

United States Court of Appeals
Tenth Circuit.

Jan. 4, 1960.

Gerald A. Kay, Denver, Colo., for appellant.

Jack K. Anderson, Asst. U. S. Atty., Denver, Colo. (Donald G. Brotzman, U. S. Atty., Boulder, Colo., and Douglas P. Lillis, Regional Counsel, Immigration and Naturalization Service, Denver, Colo., were with him on the brief), for appellee.

Before MURRAH, Chief Judge, BREITENSTEIN, Circuit Judge, and CHRISTENSON, District Judge.

BREITENSTEIN, Circuit Judge.

The issue is whether appellant Petsche has been convicted of a crime involving moral turpitude and sentenced to imprisonment for a term of a year or more with the result that he is deportable under § 241(a) (4) of the Immigration and Nationality Act of 1952.[1]

This appeal is presented on an agreed statement of facts. Petsche, an alien from Yugoslavia in the United States for permanent residence, was convicted in a Colorado state court of the crime of indecent liberties in violation of 1953 Colorado Revised Statutes § 40–2–32 [2] and was sentenced to the Colorado State Reformatory "until duly discharged according to law" under the provisions of

1. 8 U.S.C.A. § 1251(a) (4). The material part of the statute reads: "(a) Any alien in the United States * * * shall, upon the order of the Attorney General, be deported who * * * (4) is convicted of a crime involving moral turpitude committed within five years after entry and either sentenced to confinement or confined therefor in a prison or corrective institution, for a year or more, * * *."

2. Herein the 1953 Colorado Revised Statutes will be referred to as C.R.S.

C.R.S. § 39–10–1. At the time he was over 21 but not more than 25 years of age. He served seven months and five days.

Upon release Petsche was ordered by the Immigration and Naturalization Service to show cause why he should not be deported because of the conviction. After a hearing a Special Inquiry Officer held that Petsche had received an indeterminate sentence which could not exceed ten years and was deportable. The Board of Immigration Appeals affirmed.

Petsche then brought a declaratory judgment action in Colorado state court against Clingan, the District Director of the United States Immigration and Naturalization Service, to determine his status under the sentence. The case was removed to the United States District Court for the District of Colorado which on summary judgment motion held that the sentence was for more than one year. This appeal followed.

The applicability of this declaratory judgment procedure is not questioned by the parties.[3] The sole question is the length of the sentence. All other conditions for deportation are admittedly met.

The state court had jurisdiction of the subject matter and the parties.[4] The contention is that the judgment is void because it ordered confinement in the wrong institution. Conviction was had under C.R.S. § 40–2–32 which provides that a person convicted of the offense of indecent liberties "shall be punished, if over eighteen years of age, by confinement in the penitentiary for a term of

not more than ten years." The sentence was under the Reformatory Act, C.R.S. § 39–10–1 which authorizes a sentence for a first felony conviction of a person in Petsche's age group to either the state reformatory or the state penitentiary at the discretion of the trial judge.[5] The statute on indecent liberties was enacted several years after the Reformatory Act and is said to be controlling.

■   Under Colorado law a penitentiary sentence is more severe than a reformatory sentence because it carries the stigma of a felony.[6] In Rivera v. People, 128 Colo. 549, 555, 265 P.2d 226, it was held that a penitentiary sentence in a case where the law requires a reformatory sentence is void and the prisoner is entitled to release on habeas corpus. Counsel for Petsche argues that the reverse is true and, hence, a reformatory sentence when it should have been to the penitentiary is void. No Colorado case so holds.

Assuming that the sentence should have been to the penitentiary, the error could have been corrected by appropriate state proceedings.[7] Petsche chose not to seek review of the judgment, accepted the sentence, served his time, and now, to avoid deportation, asserts that the judgment was void.

■■   Under Colorado law if the sentence was in error as Petsche contends, appellate review would not have resulted in setting aside the conviction but only in reversal of the sentence for correction by the lower court.[8] The correction would

---

3. Cf. Brownell v. We Shung, 352 U.S. 180, 77 S.Ct. 252, 1 L.Ed.2d 225, wherein it was held that an exclusion order was by § 10 of the Administrative Procedure Act, 5 U.S.C.A. § 1009, judicially reviewable by an action in a federal district court for a declaratory judgment.

4. Cf. Daniels v. Thomas, 10 Cir., 225 F. 2d 795.

5. C.R.S. § 39–10–1 also provides that if the conviction is of a crime involving life imprisonment the sentence shall be to the penitentiary. Petsche contends that C.R.S. § 39–19–1, relating to sex offen-

ders authorizes, in certain conditions, a life sentence and hence § 39–10–1 is not applicable. The position is untenable as the conditions mentioned in § 39–19–1 are not shown to exist in this case.

6. Colo. Const. Art. XVIII, § 4. Cf. Smalley v. People, 134 Colo. 360, 304 P. 2d 902.

7. Cf. Latham v. People, 136 Colo. 252, 317 P.2d 894, 334 P.2d 437.

8. Latham v. People, supra; Bustamante v. People, 133 Colo. 497, 502, 297 P.2d 538; Miller v. People, 104 Colo. 622, 624, 94 P.2d 125.

have been the substitution of the penitentiary for the reformatory as the place of confinement and the fixing of a minimum and maximum term. Petsche was not hurt by the less severe sentence.[9] Having failed to ask for the correction of the sentence in the state courts, he is in no position to attack the sentence in federal court.

■ The question remains as to the length of the sentence. In Colorado a reformatory sentence is indeterminate [10] with release upon an administrative determination that the "prisoner will live and remain at liberty without violating the law, and that his release is not incompatible with the welfare of society,"[11] but in no event shall the imprisonment exceed the maximum possible term.[12] In this case the maximum term was ten years and the actual period of confinement seven months and five days.[13]

In deportation cases it has been held that when the maximum imprisonment possible for the offense is more than one year, an indeterminate sentence is for a year or more even though no term is mentioned in the sentence.[14] The rule applies even though the period of actual confinement is for less than one year [15] because § 241(a) (4) applies when there is either sentence or confinement for a year or more.

Affirmed.

9. Cf. Linningen v. Morgan, 8 Cir., 241 F. 645, 648.

10. C.R.S. § 39-10-2.

11. C.R.S. § 105-3-3.

12. C.R.S. § 39-10-2.

13. Counsel for Petsche asserts that the Colorado statutes relative to reformatory sentences, as they existed at the time of the offense and sentence, were ambiguous. No such contentions were ever made on Petsche's behalf in the Colorado courts. In Rivera v. People, supra, upon which counsel places heavy reliance, the Colorado court accepted without question the position of counsel that a reformatory sentence is "for an indeterminate period."

This being true the maximum under § 39-10-2 can only be that fixed by the statute defining the penalty for the offense. If the sentence had been to the penitentiary, the sentence would have had to state the maximum and minimum term. C.R.S. § 39-12-1.

14. United States ex rel. Paladino v. Commissioner of Immigration, 2 Cir., 43 F.2d 821, 822, followed in United States ex rel. Cerami v. Uhl, 2 Cir., 78 F.2d 698, 699, and United States ex rel. Popoff v. Reimer, 2 Cir., 79 F.2d 513, 514. See also King v. United States, 69 App.D.C. 10, 98 F.2d 291, 293.

15. Roccaforte v. Mulcahey, D.C.Mass., 169 F.Supp. 360, 366.