No. 19,105.

ROSCOE P. SEXTON *v.* PEOPLE OF THE STATE OF COLORADO.
(351 P. [2d] 842)

Decided May 9, 1960.

Plaintiff in error, pro se.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. JOHN F. BRAUER, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

THE cause originated in the district court of the City and County of Denver, where plaintiff in error, hereinafter referred to as petitioner, filed his petition for a writ of habeas corpus. Pertinent facts are as follows:

On April 28, 1949, petitioner was found guilty in Denver District Court of aggravated robbery. On April 29, 1949, the jury found petitioner to be the same individual who had committed three prior felonies. On June 15,

1949, petitioner was sentenced by the court to a life term in the Colorado State Penitentiary, and on that same day a mittimus was issued which erroneously stated that "habitual criminal" was the crime for which the sentence was imposed.

On September 19, 1957, petitioner filed a petition for a writ of habeas corpus in the Denver District Court in which he alleged that, since there was no such crime as "habitual criminal" in Colorado, his life sentence (or any sentence) for that crime would have to be void and he should therefore be set at liberty. After the writ was granted and return thereto was duly filed, a hearing was held on the matter, and on April 2, 1958, the court issued its findings of fact, conclusions of law, order and judgment relative thereto. Briefly, it was the court's opinion that the life sentence was proper, since petitioner had been convicted of aggravated robbery and had been found to be an habitual criminal, but the court also concluded that the mittimus was erroneous because it listed habitual criminal as the crime for which the punishment was given. Therefore, on the same day, the court issued an amended mittimus in which the sentence of life imprisonment remained the same, but the crime for which it was given was changed from habitual criminal to aggravated robbery.

Petitioner seeks review of this "judgment" of the trial court, the only effect of which was to correct the mittimus under which petitioner was confined to conform to the record in the cause in which the judgment and sentence to life imprisonment had been entered in 1949.

■ Upon the petitioner's own showing, the only relief to which he was entitled was a correction of the wording of the mittimus to conform to the judgment. The court acted properly in ordering the issuance of a new mittimus. *O'Day v. People,* 114 Colo. 373, 166 P. (2d) 789; *Smalley v. People,* 116 Colo. 598, 183 P. (2d) 558; *Smalley v. People,* 134 Colo. 360, 304 P. (2d) 902; *Barrett v. People,* 136 Colo. 144, 315 P. (2d) 192; *Latham*

*v. People,* 136 Colo. 252, 317 P. (2d) 894; *Rader v. People,* 138 Colo. 397, 334 P. (2d) 437.

The judgment is affirmed.

MR. JUSTICE KNAUSS and MR. JUSTICE DOYLE not participating.