USCA1 Opinion

 

 April 29, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 93-1921 KAWEE LAUVERA, Petitioner, v. IMMIGRATION AND NATURALIZATION SERVICE, Respondent. __________________ PETITION FOR REVIEW OF AN ORDER OF THE BOARD OF IMMIGRATION APPEALS ___________________ Before Breyer, Chief Judge, ___________ Selya and Boudin, Circuit Judges. ______________ ___________________ Kawee Lauvera on brief pro se. _____________ Frank W. Hunger, Assistant Attorney General, Robert Kendall, _______________ _______________ Jr., Assistant Director, and Philemina McNeill Jones, Attorney, ___ _______________________ Office of Immigration Litigation Civil Division, Department of Justice, on brief for respondent. __________________ __________________ Per Curiam. Pro-se petitioner Kawee Lauvera appeals an __________ order of the Board of Immigration Appeals [BIA] finding him deportable under section 241(a)(2)(A)(i) of the Immigration and Nationality Act [INA], 8 U.S.C. 1251(a)(2)(A)(1), denying his application for asylum and withholding of deportation under sections 208(a) and 243(h) of the INA, 8 U.S.C. 1158(a) & 1253(h), and ordering him deported to Thailand. We affirm. There is no merit in petitioner's contention that, because he served a term of imprisonment of only six months, the BIA erred in finding him deportable for having been convicted of credit card fraud. First, petitioner, who was then represented by counsel, conceded at his deportation hearing that he was deportable on the basis of this conviction. Moreover, even if the issue were not therefore waived, any alien who has committed a crime of moral turpitude and "is sentenced to confinement or is confined _____________________________ therefor in a prison or correctional institution for one year or longer" is deportable. 8 U.S.C. 1251(a)(2)(A)(1) (emphasis added). Petitioner, who was sentenced to a term of imprisonment at the Massachusetts Correctional Institution at Concord "not exceeding five years," is within the purview of this provision. See, e.g., United States ex rel. Sirtie v. ___ ___ _____________________________ Commissioner of Immigration, 6 F.2d 233, 234 (D.N.Y. 1925) (a ___________________________ reformatory sentence to a term which "shall not exceed . . . -2- three years" was a three year sentence for purposes of the 1917 Immigration Act); United States ex rel. Paladino v. ________________________________ Commissioner of Immigration, 43 F.2d 821, 822 (2d Cir. 1930) ___________________________ (similar); Petsche v. Clingan, 273 F.2d 688, 691 (10th Cir. _______ _______ 1960) (similar, under the 1952 INA); see also Campbell v. ___ ____ ________ Commonwealth, 339 Mass. 695, 697 (1959) (under Massachusetts ____________ law, the length of sentence for an indefinite term is its maximum term). Petitioner further contends that he is eligible for asylum or the withholding of deportation because he has a "well founded fear of persecution" on account of his Chinese heritage if he is returned to Thailand. Petitioner, however, admits that neither he nor has family, who still lives in Thailand, has ever been subject to persecution. The only evidence for his fear is a statement, in a Department of State report, which indicates that there is in Thailand "a tradition of popular resentment directed against [Chinese] trading and financial activities." Not only is this statement too generalized to support a "well founded fear of persecution," see Khalaf v. INS, 909 F.2d 589, 592-93 (1st ___ ______ ___ Cir. 1990), but the very report relied upon by petitioner finds that "[t]his resentment has never provoked violent persecution and is dissipating as the Chinese are assimilated into Thai society." -3- Finally, petitioner is not eligible for a discretionary waiver of deportation pursuant to section 212(c) of the INA, 8 U.S.C. 1182(c). Section 212(c) applies only to "[a]liens lawfully admitted for permanent residence." See Michelson v. ___ _________ INS, 897 F.2d 465, 469 (10th Cir. 1990) ("Permanent residence ___ status is an essential element for discretionary relief under 1182(c)."). Petitioner, who entered the United States as an nonimmigrant student in 1985, has presented no evidence to the BIA or to this court that he ever became a lawful permanent resident. Affirmed. ________ -4-