The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

James A. BERNABEI, Sr., Defendant–Appellant.

No. 96CA1538.

Colorado Court of Appeals, Division I.

Oct. 15, 1998.

Rehearing Denied Nov. 27, 1998.

Certiorari Denied July 6, 1999.

and § 24–51–1105, C.R.S.1997.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Laurie A. Booras, Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Ellen K. Eggleston, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge ROTHENBERG.

Defendant, James A. Bernabei, Sr., appeals the judgment of conviction entered on a jury verdict finding him guilty of distribution of an imitation controlled substance and adjudicating him an habitual criminal. We affirm.

An undercover police officer accompanied by a confidential informant purchased marijuana at the home of defendant's son on December 14, 1994. A similar purchase of marijuana occurred at the same home on December 27. Defendant was not involved in either transaction.

However, later on December 27, the same undercover police officer went back to the son's house and bought a substance purporting to be methamphetamines, but which later turned out to be an imitation. Defendant was present during that transaction and his

involvement therein resulted in the convictions at issue here.

## I.

■ Defendant first contends the trial court erred in granting the prosecution's challenge for cause of a prospective juror without establishing that the prospective juror was biased against the prosecution. We disagree.

■ Even if a trial court does grant the prosecution a challenge for cause to which it is not entitled, reversal is not required unless the prosecution exhausted its peremptory challenges. In such cases, the erroneous dismissal of the prospective juror gives the prosecution an additional peremptory challenge. *Bustamante v. People*, 133 Colo. 497, 500, 297 P.2d 538, 540 (1956) ("[B]eing excused for cause ... when the People's statutory number of peremptory challenges had been exhausted, was in effect an additional peremptory challenge and was an abuse of discretion that affected or could have affected the substantial rights of the defendant").

Here, however, the prosecution only used two of its allotted six challenges. Thus, even if the trial court had denied the challenge for cause, the prosecution could have removed the juror by exercising one of its remaining peremptory challenges. Under these circumstances, we conclude that any error, if such occurred, was harmless.

## II.

Next, defendant asserts the trial court erred by admitting as *res gestae* evidence the two uncharged and independent drug transactions that occurred on December 14 and earlier on December 27. We disagree.

■ Absent a showing of an abuse of discretion, a trial court's determination on the admissibility of evidence will not be reversed. *People v. Lowe*, 660 P.2d 1261 (Colo.1983).

*Res gestae* evidence is "matter incidental to the main fact and explanatory of it, including acts and words which are so closely connected therewith as to constitute a part of the transaction, and without knowledge of which the main fact might not be properly understood." *Woertman v. People*, 804 P.2d 188 (Colo.1991) (fn.3).

■ Evidence of other offenses or acts that is not extrinsic to the offense charged, but is part of the criminal episode or transaction with which the defendant is charged, is admissible to provide the fact-finder with a full and complete understanding of the events surrounding the crime and the context in which the charged crime occurred. *People v. Quintana*, 882 P.2d 1366 (Colo.1994). Such *res gestae* evidence can include prior episodes which provide necessary background for the charged offense. *People v. Allen*, 944 P.2d 541 (Colo.App.1996). *See People v. Czemerynski*, 786 P.2d 1100 (Colo. 1990).

■ *Res gestae* evidence is generally linked in time and circumstances with the charged crime, or forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury. *People v. Quintana, supra.*

■ To be admissible, such evidence must be relevant and its probative value must not be substantially outweighed by the danger of unfair prejudice. *People v. Rollins*, 892 P.2d 866 (Colo.1995). It is within the trial court's discretion to determine whether the prejudicial effect of proffered evidence outweighs its probative value. *People v. Czemerynski, supra.*

■ Here, the prosecution offered the evidence of the two prior marijuana drug transactions to set the stage for the December 27 transaction in which defendant was involved. The prosecution's theory was that: (1) the two prior transactions explained how the undercover officer came to be at the house of defendant's son; and (2) defendant was not involved in selling marijuana, but he became involved when "harder" drugs were requested.

The trial court determined the earlier incidents were admissible to explain the circumstances under which the charged drug transaction took place, and were close enough in time to constitute *res gestae* evidence. We agree that the marijuana transaction on December 27 was sufficiently near in time to

the charged crime to constitute *res gestae* evidence in defendant's case.

Although the admissibility of the December 14 transaction was marginal because of its remoteness from the charged offense, previous appellate rulings nevertheless have, under certain circumstances, permitted the admission of evidence of other transactions relating back over a period of weeks. *See People v. Czemerynski, supra* (allowing evidence of hundreds of phone calls allegedly made by defendant before and after charged offense); *People v. Cooper,* 950 P.2d 620 (Colo.App.1997) (admitting evidence of incident which led to the issuance of restraining order occurring one week prior to charged incident); *People v. Allen, supra* (admitting evidence of events leading to issuance of restraining order in case with history of continual domestic abuse).

Because the jury was also informed by the court that neither transaction involved defendant, we perceive no manifest abuse of discretion by the court in allowing such evidence and in finding that the prejudicial effect of the evidence did not outweigh its probative value.

### III.

Defendant next asserts the habitual criminal adjudication cannot stand because certain unfairly prejudicial and inadmissible information contained in "pen packs" and the "court packs" was admitted into evidence. We disagree.

### A.   Pen Packs

A penitentiary or "pen" pack is a certified record containing the mittimus, fingerprints, and photograph of inmates discharged from the Department of Corrections. A court pack is a certified record containing minute orders, the information, judgment of conviction, and sentence. These records were submitted by the prosecution to prove that defendant had been convicted of prior felonies in order to satisfy the elements of the habitual criminal statute, §16–13–101, C.R.S.1998.

Although it is necessary under the habitual criminal statute to prove prior convictions, earlier charges which do not result in convictions are irrelevant and should not be admitted. *People v. Reed,* 42 Colo. App. 275, 598 P.2d 148 (1979). But, even if charges that were not pursued are admitted, reversal is not required so long as there is ample evidence establishing the defendant's prior convictions and the jury is instructed as to the presumption of innocence and the fact that the information is not evidence of guilt. *People v. Montoya,* 640 P.2d 234 (Colo.App. 1981).

This principle was invoked in *People v. Moore,* 841 P.2d 320 (Colo.App.1992), in which exhibits were admitted containing charges for which the defendant was not convicted. A division of this court concluded that reversal was not required because there was ample evidence establishing the prior convictions and the jury was properly instructed regarding the evidence. *See also People v. Copeland,* 976 P.2d 334, (Colo.App. 1998); *People v. Penrod,* 892 P.2d 383 (Colo. App.1994) (no reversible error in admitting fingerprint cards that noted parole violations, aliases, FBI case numbers, tattoos, and parole dates along with copies of court registers of action noting revocation of probation proceedings, plea bargaining, transfer from one county jail to another, and a consecutive sentence imposed).

Here, there was ample evidence of defendant's prior convictions and the trial court also instructed the jury regarding the presumption of innocence for prior convictions and the fact that such charges were not evidence. Accordingly, we reject defendant's contention.

### B.   Court Packs

We also reject defendant's related contention that the court erred by allowing the prosecutor to introduce evidence contained in the court packs regarding admissions made by defendant. The admissions were made at a sentencing hearing conducted after one of defendant's earlier convictions. It is not clear why such admissions were in the court packs. At the sentencing hearing, defendant advised the court that he had two prior felonies.

According to defendant, prior felony convictions in the context of a sentencing hearing cannot be used as prior felonies for the purpose of proving an habitual criminal charge because, for purposes of sentencing, prior felonies are not required to be separately brought and tried as they are for purposes of an habitual criminal adjudication. Because we are persuaded there was sufficient proof that all prior felonies were separately brought and tried, we reject defendant's contention.

In order for the prosecution to convict defendant as an habitual criminal, the underlying felony convictions relied upon by the prosecution must be based "upon charges separately brought and tried, and arising out of separate and distinct criminal episodes." Section 16–13–101(2), C.R.S.1998. *People v. Jones,* 967 P.2d 166, (Colo.App. 1997).

Admissions made by a party-opponent are admissible evidence at trial. CRE 801(d)(2). Relevant evidence may be excluded, however, if its probative value is substantially outweighed by the danger of unfair prejudice. CRE 403. Determining whether the prejudicial effect of the evidence outweighs its probative value is a matter within the discretion of the trial court. *People v. Czemerynski, supra.*

As previously stated, the defendant's admission here was made at a sentencing hearing for one of his prior felony convictions. The prosecution submitted the information from that prior conviction, which listed two other prior felony convictions of the defendant. Defendant was convicted for the first listed felony in January 1968 and was convicted for the second listed felony in July 1973. Hence, the jury could reasonably infer from the documents that the charges for the two felonies were separately brought and tried, thus satisfying the habitual criminal statute.

### IV.

Defendant next contends that reversal of the habitual criminal adjudication is required because the prosecutor made improper remarks in his closing argument regarding information within the court and pen packs containing defendant's prior convictions. However, because we have concluded the court packs and pen packs were properly admitted, it follows that the trial court did not abuse its discretion in allowing the prosecutor to comment on such evidence. *See People v. Moody,* 676 P.2d 691 (Colo.1984) (whether a prosecutor's statements constitute inappropriate prosecutorial argument is generally a matter within trial court's discretion).

### V.

Defendant next contends there was insufficient identification evidence to prove certain of the habitual criminal counts because the prosecution did not have legible fingerprints linking defendant to each conviction. Again, we disagree.

In habitual criminal proceedings, the prosecution bears the burden of proving beyond a reasonable doubt that the accused is the person named in the prior convictions. *People v. Mascarenas,* 666 P.2d 101 (Colo. 1983), *rev'd on other grounds,* 706 P.2d 404 (Colo.1985).

Offering evidence of fingerprint cards and expert testimony linking those prints to the defendant is a valid method for proving the identity element, but is not the only way to show identity. *See People v. Benton,* 829 P.2d 451 (Colo.App.1991) (lack of fingerprint card for conviction does not render evidence insufficient to prove identity where defendant was given same prison number and photograph taken at time of incarceration). *See also People v. Mascarenas, supra* (photographs and physical description in prison record adequately established that defendant was the same person described in documents).

Here, the prosecution offered fingerprint cards for two of the defendant's prior convictions. To prove the three disputed convictions, the prosecution submitted documents containing defendant's physical description, photographs of him, and identifying marks including a stab wound on his abdomen. The prison number assigned to defendant also was contained in all the documents relating to his prior convictions.

Hence, there was sufficient evidence to allow the jury to find beyond a reasonable doubt that defendant was the person named in the prior convictions.

## VI.

Defendant next contends the trial court erred in denying his motion for judgment of acquittal on the habitual criminal counts and in granting the prosecution's motion to amend the information. We disagree.

■ Defects in the form of the information which do not substantially prejudice the rights of the defendant do not render an information void. *People v. Joseph,* 920 P.2d 850 (Colo.App.1995). Further, objections to the form of an information must be made before trial or they are waived. Crim. P. 12(b)(2); *People v. Hunter,* 666 P.2d 570 (Colo.1983).

■ A specific statutory reference is an immaterial part of an indictment. *People v. Marion,* 182 Colo. 435, 514 P.2d 327 (1973). Its incorrect citation is not grounds for reversal, absent substantial prejudice. *Lucero v. People,* 164 Colo. 247, 434 P.2d 128 (1967).

■ Defendant contends that by granting the motion to amend the information, the court effectively allowed him to be charged with a new or different offense than he was originally charged with and violated his right to due process. However, contrary to his contention, the habitual criminal statute, §16–13–101, C.R.S.1998, does not define a substantive offense, but only prescribes "circumstances wherein one found guilty of a specific crime may be more severely penalized because of his previous [criminal activities]." *Wright v. People,* 116 Colo. 306, 315, 181 P.2d 447, 452 (1947).

Defendant had adequate notice that the prosecution was proceeding against him with habitual criminal counts and the amendment did not charge him with a different offense. We thus conclude that the citation of the incorrect subsection of the habitual criminal statute did not substantially prejudice him.

In any event, because defendant failed to object to the form of the indictment until after the trial had ended, we further conclude that he waived any objection to the form of the indictment.

## VII.

Defendant next contends the jury instruction on complicity constituted plain error because the portion of the instruction included "all or part of" language relating to defendant's knowledge of the other person's intent to commit a crime. According to defendant, this error allowed the jury to consider evidence of drug transactions other than the one with which he was charged. We disagree.

### A.

■ Because defendant failed to object at trial, the standard of review for this instruction is plain error. Plain error occurs when, after a review of the entire record, the appellate court can say with fair assurance that the error so undermined the fundamental fairness of the trial as to cast serious doubt on the reliability of the judgment of conviction. *Bogdanov v. People,* 941 P.2d 247 (Colo.1997).

■ Under a plain error analysis, defendant must demonstrate not only that the instruction affected a substantial right, but also a reasonable possibility that the error contributed to the conviction. *Bogdanov v. People, supra.*

*Bogdanov,* involved a jury instruction predicated on the standard criminal jury instruction which then included the "all or part of" language. *See COLJI–Crim.* No. 6:04 (1983). In determining whether the instruction as given constituted plain error and required reversal, the supreme court considered whether the defendant had allegedly committed any of the essential elements of the underlying crime. The court found it was appropriate to include the "all or part of" language in the complicity jury instruction in cases where the defendant did commit an essential element of the underlying crime.

It further concluded that inclusion of the language was error in cases where one principal other than the defendant committed all the essential elements of the crime. Howev-

er, the court found such error did not constitute plain error there because the language was merely superfluous.

Here, the prosecution charged both defendant and his son with committing essential elements of the offense. This is exactly the situation in which the *Bogdanov* court specifically found it appropriate to include the "all or part of" language. Therefore, inclusion of the "all or part of" language here did not constitute error, much less plain error.

### B.

 Defendant further contends that the "all or part of" language allowed the jury to consider, during deliberation on defendant's charged offense, evidence of his son's other drug transactions in which defendant was not involved. We are not persuaded.

The jury could only find defendant guilty if it found he knew that his son intended to commit the offense with which defendant was charged. *See Bogdanov v. People, supra* (instruction initially directed the jury to find "a crime" had been committed, and all elements of that crime had been established beyond a reasonable doubt).

Consequently, once the jury found the imitation methamphetamine offense to be the crime committed in this case, the "all or part of" language referred only to this crime. The jury could not then find defendant guilty of complicity by considering evidence of drug transactions other than the charged offense.

### VIII.

Finally, defendant contends the trial court erred when it concluded that an habitual criminal under §16–13–101(2), C.R.S.1998, cannot be sentenced to incarceration in community corrections. We disagree.

Section 16–13–101(2) states that a person convicted as an habitual criminal under this section "shall be punished ... by imprisonment in a *correctional facility* ...." (emphasis added) Section 16–1–104(7.5), C.R.S.1998, defines "correctional facility" as "any facility under the supervision of the *department of corrections* in which persons are or may be

lawfully held in custody as a result of conviction of a crime." (emphasis added)

Community corrections are state-funded community-based programs run by local governmental and private agencies for both the diversion of offenders from correctional facilities and the reintegration of incarcerated offenders into society. *People v. Abdul,* 935 P.2d 4 (Colo.1997). Hence, because a community corrections facility is not under the supervision of the Department of Corrections, it does not fit within the definition of a correctional facility.

Therefore, we agree with the trial court that defendant was ineligible for placement in community corrections.

Judgment affirmed.

METZGER and PLANK, JJ., concur.